

**RECEIVED**

JAN 27 2023

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
BY_____ SHREVEPORT LOUISIANA

## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

VESTRIA D. BARLOW )
3202 Eastwood Drive )
Shreveport, LA 71105 )
 )
           Plaintiff, )
 )
 )
-against- )
 )
 )
SHELIA L. WARD, INDIVIDUALLY, )
AND AS AN OFFICER/OWNER OF )
NEW DEAL PRODUCTIONS, INC. )
875 Arwin Street )
Pasadena, California 91103 )
 )
THE ESTATE OF JOHN D. SINGLETON, )
SHELIA L. WARD, SPECIAL )
ADMINISTRATOR )
875 Arwin Street )
Pasadena, California 91103 )
 )
NEW DEAL PRODUCTIONS, INC. )
875 Arwin Street )
Pasadena, California 91103 )
 )
SONY PICTURES RELEASING )
INTERNATIONAL CORPORATION )
10202 W. Washington Blvd. )
Culver City, California 90232 )
 )
SONY PICTURES )
ENTERTAINMENT, INC. )
10202 W. Washington Blvd. )
Culver City, California 90232 )

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND
DAMAGES FOR BREACH OF CONTRACT,
THEFT OF INTELLECTUAL PROPERTY,
UNJUST ENRICHMENT, FRAUD,
CONSPIRACY AND RELATED CLAIMS.**

**CIVIL ACTION**

        5:23-cv-0130

**CASE NO:** _____

**JUDGE:**

**MAGISTRATE JUDGE:**

**JURY TRIAL DEMANDED**

UNIVERSAL PICTURES HOME            )
ENTERTAINMENT, LLC                 )
100 Universal City Plaza           )
Universal City, California 91608   )
                                   )
UNIVERSAL TV PICTURES, LLC         )
100 Universal City Plaza           )
Universal City, California 91608   )
                                   )
PARAMOUNT PICTURES                 )
CORPORATION                        )
5555 Melrose Avenue                )
Hollywood, California 90038        )
                                   )
FX NETWORKS, LLC                   )
10201 West Pico Boulevard          )
Los Angeles, California 90035      )
                                   )
FXX NETWORKS, LLC                  )
10201 West Pico Boulevard          )
Los Angeles, California 90035      )
                                   )
TENEKA HUGHEY, INDIVIDUALLY,       )
AND AS OFFICER/OWNER,              )
GREEN BOOK VACATIONS, LLC          )
A SOUTH CAROLINA LIMITED           )
LIABILITY CORPORATION              )
331 Riglaw Circle                  )
Lexington, SC 29073                )
                                   )
GREEN BOOK VACATIONS, LLC          )
A SOUTH CAROLINA LIMITED           )
LIABILITY CORPORATION              )
331 Riglaw Circle                  )
Lexington, SC 29073                )
                                   )

2

TENEKA HUGHEY, INDIVIDUALLY,    )
AND AS OFFICER/OWNER,    )
GREEN BOOK VACATIONS, LLC    )
A FLORIDA LIMITED LIABILITY    )
CORPORATION    )
331 Riglaw Circle    )
Lexington, SC 29073    )
    )
GREEN BOOK VACATIONS, LLC    )
A FLORIDA LIMITED    )
LIABILITY CORPORATION    )
331 Riglaw Circle    )
Lexington, SC 29073    )
    )
             Defendants.    )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR BREACH OF CONTRACT, THEFT OF INTELLECTUAL PROPERTY, UNJUST ENRICHMENT, FRAUD, CONSPIRACY AND RELATED CLAIMS.

*COMES NOW the plaintiff, Vestria D. Barlow, as and for a Complaint against the defendants above named, states, alleges, and avers as follows:*

### PRELIMINARY STATEMENT

1.      Plaintiff, Vestria D. Barlow, brings this action to recover damages for defendants' knowingly and intentionally failure and refusal to pay past and ongoing royalties, residuals and compensation for use of plaintiff's intellectual property in films, television programs, videos, online streaming services and merchandise as arising out of income from entertainment programming such as *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby*

*Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia.*

2.      This is a civil action to recover compensatory and punitive damages for fraud, misappropriation by use, unjust enrichment, breach of contract, breach of fiduciary duty, negligence, conspiracy, and mental suffering and emotional distress.

### JURISDICTION AND VENUE

3.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the amount in controversy or jurisdiction amount exceeds $75,000 and the plaintiff is a citizen of a different state than the defendants, *to wit:*

> (a) Plaintiff is a citizen of the United States, a resident of the State of Louisiana, and resides within Caddo Parish and the City of Shreveport;

> (b) Defendant Shelia L. Ward is a citizen of the United States and the State of California;

> (c) Defendant The Estate of John D. Singleton is a citizen of the State of California;

> (d) Defendant New Deal Productions, Inc. is a citizen of the State of California;

> (e) Defendant Sony Pictures Releasing International Corporation is a citizen of the State of California;

> (f) Defendant Sony Pictures Entertainment, Inc. is a citizen of the State of Delaware;

4

(g) Defendant Universal Pictures Home Entertainment, LLC was formed under the Laws of the State of Delaware, is a citizen of the State of Delaware, and none of its' members are a citizen of the State of Louisiana, and is headquartered in California;

(h) Defendant Universal TV Pictures, LLC was formed under the Laws of the State of Delaware, is a citizen of the State of Delaware, none of its' members are a citizen of the State of Louisiana, and is headquartered in California;

(i) Defendant Paramount Pictures Corporation was formed under the Laws of the State of Delaware, is a citizen of the State of Delaware, none of its' members are a citizen of the State of Louisiana, and is headquartered in California;

(j) Defendant FX Networks, LLC was formed under the Laws of the State of Delaware, is a citizen of the State of Delaware, none of its' members are a citizen of the State of Louisiana, and is headquartered in California;

(k) Defendant FXX Networks, LLC was formed under the Laws of the State of Delaware, is a citizen of the State of Delaware, none of its' members are a citizen of the State of Louisiana and is headquartered in California;

(l) Defendant Teneka Hughey is a citizen of the United States and the State of South Carolina. She is the owner and principal operator of defendants Green Book Vacations, LLC incorporated under the laws of South Carolina and Green Book Vacations, LLC incorporated under the laws of Florida;

(m) Defendant Green Book Vacations, LLC was formed under the Laws of the State of South Carolina, is a citizen of the State of South Carolina, none of its' members are a citizen of the State of Louisiana and is headquartered in South Carolina.

(n) Defendant Green Book Vacations, LLC was formed under the Laws of the State of Florida, is a citizen of the State of Florida, none of its' members are a citizen of the State of Louisiana and is headquartered in South Carolina.

4.    This Court has jurisdiction over this action pursuant to the Declaratory Judgment Statute, 28 U.S.C. § 2201.

5.    Venue is proper in this Court because plaintiff is a citizen of the United States and a citizen of the State of Louisiana and resides within Caddo Parish and the City of Shreveport.

## DEMAND FOR TRIAL BY JURY

6.    Pursuant to Rule 38(b) FRCP, the plaintiff hereby demands a jury of all issues to triable.

## NO IMMUNITY UNDER STATE LAW

7.    Plaintiff avers that the wrongful and illegal actions and inactions and omissions of defendants complained of herein were practiced with actual malice and reckless disregard towards plaintiff and her legal rights and property interests, and were willful, and constituted malicious, intentional, willful, outrageous, reckless, and flagrant misconduct, to deprive the defendants of any immunity under the laws of the State of California, Delaware, South Carolina or Florida. Plaintiff further avers that any State of California, Delaware, South Carolina, or Florida law, ordinance,

proclamation, regulation, statute, etc., pursuant to which defendants claim they acted, is unconstitutional, and the defendants' conduct pursuant to any State of California, Delaware, South Carolina, or Florida law, ordinance, proclamation, regulation, statute, etc., which violated plaintiff's rights are not immunized by the State of California, State of Delaware, State of South Carolina, or State of Florida law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Plaintiff, at all times herein, have satisfied all requirements and conditions precedent to this lawsuit.  Furthermore, where such requirements may not have been met, plaintiff aver that such requirements are unconstitutional and are promulgated in violation of the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution and constitute a barrier prohibiting plaintiff from satisfying any mandated law, regulation or ordinance regarding a condition precedent to this lawsuit.

## PARTIES

9.      At all times herein, plaintiff Vestria D. Barlow is a citizen of the United States and a resident of the City of Shreveport, Parrish of Caddo, State of Louisiana.

10.      At all times herein, Defendant Shelia L. Ward, individually, and as the Chief Executive Officer, Secretary, and Chief Financial Officer of New Deal Productions, Inc. Defendant Shelia L. Ward is a citizen of the United States and a resident of the City of Los Angeles, State of California. Shelia L. Ward is also the Special Administrator of the Estate of John D. Singleton.

11.      At all times herein, Defendant the Estate of John D. Singleton, Shelia L. Ward, appointed Special Administrator and tasked with the duties to administer the Estate of the late film

director and television producer John D. Singleton (deceased) pursuant to an Order of the Superior

Court of the State of California for the County of Los Angeles under case number 19STPB04156

and after having voluntarily filed a petition for Probate-Letters Testamentary on June 7, 2019.

12.     At all times herein, Defendant New Deal Productions, Inc. is a corporation formed

under the laws of the State of California as a media company headquartered in the County of Los

Angeles, State of California. Defendant Shelia L. Ward, the mother of the late John D. Singleton

(deceased) is the sole officer of New Deal Productions, Inc. operating as the Chief Executive

Officer, Secretary, and Chief Financial Officer of the corporation.

13.     At all times herein, Defendant Sony Pictures Releasing International Corporation

is a media corporation formed under the laws of the State of California and has a principal place

of business in the County of Los Angeles, State of California.

14.     At all times herein, Defendant Sony Pictures Entertainment, Inc. is a media

corporation formed under the laws of the State of Delaware and has a principal place of business

in the County of Los Angeles, State of California.

15.     At all times herein, Defendant Universal Pictures Home Entertainment, LLC is a

media limited liability corporation, with none of its' members being a citizen of Louisiana, formed

under the laws of the State of Delaware and has a principal place of business in the County of Los

Angeles, State of California.

16.     At all times herein, Defendant Universal TV Pictures, LLC is a media limited

liability corporation, with none of its' members being a citizen of Louisiana, formed under the laws

of the State of Delaware and has a principal place of business in the County of Los Angeles, State of California.

17.    At all times herein, Defendant Paramount Pictures Corporation is a media corporation formed under the laws of the State of Delaware and has a principal place of business in the County of Los Angeles, State of California.

18.    At all times herein, Defendant FX Networks, LLC is a media limited liability corporation, with none of its' members being a citizen of Louisiana, formed under the laws of the State of Delaware and has a principal place of business in the County of Los Angeles, State of California.

19.    At all times herein, Defendant FXX Networks, LLC is a media limited liability corporation, with none of its' members being a citizen of Louisiana, formed under the laws of the State of Delaware and has a principal place of business in the County of Los Angeles, State of California.

20.    At all times herein, Defendant Teneka Hughey, individually, and as the principal operator of Defendants Green Book Vacations, LLC (South Carolina) and Green Book Vacations, LLC (Florida), and is a citizen of the United States and a resident of the City of Lexington, State of South Carolina.

21.    At all times herein, Defendant Green Book Vacations, LLC is a travel and vacation planning limited liability corporation, with none of its' members being a citizen of Louisiana, formed under the laws of the State of South Carolina and has a principal place of business in the City of Lexington, South Carolina.

22.     At all times herein, Defendant Green Book Vacations, LLC is a travel and vacation planning limited liability corporation, with none of its' members being a citizen of Louisiana, formed under the laws of the State of Florida and has a principal place of business in the City of Lexington, South Carolina.

### STATEMENT OF RELEVANT FACTS

23.     At all times herein, plaintiff is an accomplished television and film producer, writer, editor and photographer.

24.     Since June of 1998, plaintiff has been a collaborator and partner with the late television and film director, writer and producer John D. Singleton (deceased), contributing significantly to the production and making of *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia*.

25.     That by contract the late John D. Singleton (deceased) was entitled to past and ongoing royalties, residuals and compensation for use of his intellectual property in films, television programs, videos, online streaming services and merchandise as arising out of income from entertainment programming associated with *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010),

*20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia.*

26.     That defendants Sony Pictures Releasing International Corporation, Sony Pictures Entertainment, Inc., Universal Pictures Home Entertainment, LLC, Universal TV Pictures Corporation, Paramount Pictures Corporation, FX Networks, LLC and FXX Networks, LLC were solely responsible for paying the late John D. Singleton (deceased) past and ongoing royalties, residuals and compensation for use of his intellectual property in films, television programs, videos, online streaming services and merchandise for use of his intellectual properties.

27.     That defendants Sony Pictures Releasing International Corporation, Sony Pictures Entertainment, Inc., Universal Pictures Home Entertainment, LLC, Universal TV Pictures Corporation, Paramount Pictures Corporation, FX Networks, LLC and FXX Networks, LLC failed to accurately, properly or fully pay the late John D. Singleton (deceased) past and ongoing royalties, residuals and compensation for use of his intellectual property in films, television programs, videos, online streaming services and merchandise for use of his intellectual properties.

28.     That plaintiff, by contract with the late John D. Singleton (deceased) and his corporations or business entities was and continue to be entitled to 7-10 percent of all past and ongoing royalties, residuals and compensation owed the late John D. Singleton (deceased) for use of his intellectual property in films, television programs, videos, online streaming services and merchandise.

29.     That defendants Shelia L. Ward, individually and as an officer and owner of defendant New Deal Productions, Inc. did take control over the properties *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20*

*to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia*. and have and continue to collect past and ongoing royalties, residuals and compensation owed the late John D. Singleton (deceased) for use of his intellectual property in films, television programs, videos, online streaming services and merchandise.

30.     That defendants Shelia L. Ward, individually and as an officer and owner of defendant New Deal Productions, Inc. has failed to pay plaintiff her legally entitled past and ongoing royalties, residuals and compensation owed because of her intellectual property in films, television programs, videos, online streaming services and merchandise associated with *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia.*

31.     That defendant New Deal Productions, Inc. is a holding corporations controlling the properties *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia.* and have and continue to collect past and ongoing royalties, residuals and compensation owed the late John D. Singleton (deceased) for use of his intellectual property in films, television programs, videos, online streaming services and merchandise.

32a.     That defendant New Deal Productions, Inc. has failed to pay plaintiff her legally entitled past and ongoing royalties, residuals and compensation owed because of her intellectual property in films,

television programs, videos, online streaming services and merchandise associated with *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia.*

32b.    That defendants Teneka Hughey, individually and as an officer/owner of defendant Green Book Vacations, LLC (South Carolina) and Teneka Hughey, individually and as an officer and owner of defendant Green Book Vacation, LLC (Florida) did and continue to maintain a partnership with defendants Shelia L. Ward and New Deal Productions, Inc. to divert funds from the Estate of John D. Singleton (decease) for the sole purpose of under report income from *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia.* and depriving plaintiff of her legally entitled royalties, residuals and compensation.

33.    Defendant the Estate of John D. Singleton (deceased) continue to hold records of accounting, funds and reports, along with monies owed plaintiff for use of her intellectual property.

34.    Plaintiff has no adequate remedy at law for the remedies complained of herein.

## COUNT ONE
## AS AND FOR A FIRST CAUSE OF ACTION
## AS TO ALL DEFENDANTS
## FRAUD

35.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

36.    Defendants did and continue to intentionally to engage in misrepresentations, deceit, concealment of material facts with the intention of depriving plaintiff of property or of a legal right or otherwise to cause plaintiff injury, including depriving plaintiff of rights to past and ongoing royalties, residuals and compensation for use of plaintiff's intellectual property in films, television programs, videos, online streaming services and merchandise as arising out of income from entertainment programming such as *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia*.

37.    Plaintiff has suffered financial loss, humiliation, emotional distress, anxiety, and stress, as well as other injuries as a direct result of defendants' actions.

38.    Plaintiff avers that defendants conspired, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

14

39.     Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's rights, particularly her property.

40.     As of direct result of the foregoing deprivation plaintiff has suffered damages and injuries for past and ongoing royalties, residuals and compensation, other actual damages, along with attorney fees and costs in an amount totaling $15,000,000 (FIFTEEN-MILLION-DOLLARS).

**COUNT TWO**
**AS AND FOR A SECOND CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**MISAPPROPROATION BY USE**

41.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

42.     Plaintiff avers that defendants misappropriated plaintiff's intellectual property in *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia* for their own profit making use and knew or should have known that the plaintiff was entitled to past and ongoing royalties, residuals and compensation for use of plaintiff's intellectual property in films, television programs, videos, online streaming services and merchandise as arising out of income from entertainment programming her properties.

43.     Plaintiff has suffered financial loss, humiliation, emotional distress, anxiety, and stress, as well as other injuries as a direct result of defendants' actions.

44.    Plaintiff avers that defendants conspired, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

45.    Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's rights, particularly her property.

46.    As of direct result of the foregoing deprivation plaintiff has suffered damages and injuries for past and ongoing royalties, residuals and compensation, other actual damages, along with attorney fees and costs in an amount totaling $15,000,000 (FIFTEEN-MILLION-DOLLARS).

**COUNT THREE**
**AS AND FOR A THIRD CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**UNJUST ENRICHMENT**

47.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

48.    Plaintiff avers that defendants unjustly enriched themselves by misappropriation of plaintiff's intellectual property in *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State*

(2018), *Snowfall* (2017-2023), *inter alia*, and defendants did receive a financial and market benefit that they otherwise would not have achieved.

49.    Plaintiff has suffered financial loss, humiliation, emotional distress, anxiety, and stress, as well as other injuries as a direct result of defendants' actions.

50.    Plaintiff avers that defendants conspired, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

51.    Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's rights, particularly her property.

52.    As of direct result of the foregoing deprivation plaintiff has suffered damages and injuries for past and ongoing royalties, residuals and compensation, other actual damages, along with attorney fees and costs in an amount totaling $15,000,000 (FIFTEEN-MILLION-DOLLARS.

**COUNT FOUR**
**AS AND FOR A FOURTH CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**BREACH OF CONTRACT**

53.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

54.    Plaintiff avers that she and defendants entered into a contract and plaintiff did all, or substantially all of the significant things that the contract required her to do and that plaintiff never waived and condition of the contract yet defendants failed to honor the terms and conditions of the contract by

failing to pay plaintiff pay past and ongoing royalties, residuals and compensation for use of plaintiff's intellectual property in films, television programs, videos, online streaming services and merchandise as arising out of income from entertainment programming such as *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia*.

55.    Plaintiff has suffered financial loss, humiliation, emotional distress, anxiety, and stress, as well as other injuries as a direct result of defendants' actions.

56.    Plaintiff avers that defendants conspired, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

57.    Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's rights, particularly her property.

58.    As of direct result of the foregoing deprivation plaintiff has suffered damages and injuries for past and ongoing royalties, residuals and compensation, other actual damages, along with attorney fees and costs in an amount totaling $15,000,000 (FIFTEEN-MILLION-DOLLARS).

**COUNT FIVE**
**AS AND FOR A FIFTH CAUSE OF ACTION**
**SHELIA L. WARD, AS OFFICER AND EXCUTIVE DIRECTOR**
**OF NEW DEALS PRODUCTIONS, INC.**
**BREACH OF FIDUCIARY DUTY**

59.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

60.    Plaintiff avers that defendants Shelia L. Ward, individually and as officer and executive director of defendant New Deals Productions, Inc. owed a duty of care to accurately maintain, report and preserve financial records of all properties under there care and possession, and have failed to maintain, report and preserve such records.

61.    Defendants Shelia L. Ward, individually and as officer and executive director of defendant New Deals Productions, Inc. had a duty to use reasonable care in the maintenance, reporting and preserving of such records along with a duty of undivided loyalty, confidentiality, and escrow holder, as such records, pertain to the intellectual property rights of plaintiff in *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia*.

62.    Plaintiff has suffered financial loss, humiliation, emotional distress, anxiety, and stress, as well as other injuries as a direct result of defendants' actions.

63.    Plaintiff avers that defendants conspired, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful,

malicious, wanton and reckless manner as it relates to the violations of plaintiff's rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

64.     Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's rights, particularly her property.

65.     As of direct result of the foregoing deprivation plaintiff has suffered damages and injuries for past and ongoing royalties, residuals and compensation, other actual damages, along with attorney fees and costs in an amount totaling $15,000,000 (FIFTEEN-MILLION-DOLLARS).

**COUNT SIX**
**AS AND FOR A SIXTH CAUSE OF ACTION**
**SHELIA L. WARD, AS OFFICER AND EXCUTIVE DIRECTOR**
**OF NEW DEALS PRODUCTIONS, INC.**
**NEGLIGENCE**

66.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

67.     Plaintiff was harmed by defendants Shelia L. Ward, individually and as officer and executive director of defendant New Deals Productions, Inc. negligence to accurately maintain, report and preserve financial records of all properties under there care and possession regarding *Poetic Justice* (1993), *Higher Learning* (1995), *Woo* (1998), *Rosewood* (1997), *Shaft* (2000), *Baby Boy* (2001), *Hustle & Flow* (2005), *Black Snake Moan* (2006), *Illegal Tender* (2007), *20 to 1 Episode: Sizzling Superstars* (2009), *20 to 1 Episode: Adult Only* (2010), *20 to 1: Sizzling Supermodels* (2011), *Pathfinders Outdoors* (2016), *Affairs of State* (2018), *Snowfall* (2017-2023), *inter alia.*

68.     Defendants' Shelia L. Ward, individually and as officer and executive director of defendant New Deals Productions, Inc. negligence was and continue to be a substantial factor causing plaintiff's damages and harm.

69.     Plaintiff has suffered financial loss, humiliation, emotional distress, anxiety, and stress, as well as other injuries as a direct result of defendants' actions.

70.     Plaintiff avers that defendants conspired, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

71.     Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's rights, particularly her property.

72.     As of direct result of the foregoing deprivation plaintiff has suffered damages and injuries for past and ongoing royalties, residuals and compensation, other actual damages, along with attorney fees and costs in an amount totaling $15,000,000 (FIFTEEN-MILLION-DOLLARS).

**COUNT SEVEN**
**AS AND FOR A SEVENTH CAUSE OF ACTION**
**AS TO ALL DEFENDANTS**
**CONSPIRACY**

73.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

74.     Plaintiff avers that she was harmed by defendants' fraud, misappropriation of use, negligence, breach of contract, breach of fiduciary duties, and unjust enrichment and that

defendants are responsible for the harm because they knowingly were and continue to be part of an agreement to conspire to commit fraud, misappropriation of use, negligence, breach of contract, breach of fiduciary duties, and unjust enrichment to the detriment of plaintiff.

75.    Plaintiff has suffered financial loss, humiliation, emotional distress, anxiety, and stress, as well as other injuries as a direct result of defendants' actions.

76.    Plaintiff avers that defendants conspired, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

77.    Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's rights, particularly her property.

78.    As of direct result of the foregoing deprivation plaintiff has suffered damages and injuries for past and ongoing royalties, residuals and compensation, other actual damages, along with attorney fees and costs in an amount totaling $15,000,000 (FIFTEEN-MILLION-DOLLARS).

## COUNT EIGHT
## AS AND FOR A EIGHTTH CAUSE OF ACTION
## AS TO ALL DEFENDANTS
## MENTAL SUFFERING AND EMOTIONAL DISTRESS

79.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

80.    Plaintiff avers that the past and ongoing actions of defendants have caused mental suffering and emotional distress, including the enjoyment of life, professional isolation, inconvenience, grief, humiliation, poverty, and anxiety.

81.    Plaintiff has suffered financial loss, humiliation, emotional distress, anxiety, and stress, as well as other injuries as a direct result of defendants' actions.

82.    Plaintiff avers that defendants conspired, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

83.    Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's rights, particularly her property.

84.    As of direct result of the foregoing deprivation plaintiff has suffered damages and injuries for past and ongoing royalties, residuals and compensation, other actual damages, along with attorney fees and costs in an amount totaling $15,000,000 (FIFTEEN-MILLION-DOLLARS).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, certifying that this Complaint complies with Rule 11 of the

Federal Rules of Civil Procedure, demands judgment against the defendants as follows:

(a) that this Court assume jurisdiction of this matter;

(b) issue and Order finding defendants in violation of all allegations in each and every count of this Complaint;

(c) issue a declaratory judgment finding defendants liable for past and future royalties and residuals for use of intellectual property;

(d) award plaintiff compensatory damages in the amount of $15,000,000 (FIFTEEN-MILLION-DOLLARS);

(e) hold all defendants joint and severally liable for compensatory damages awarded to plaintiff, and *in so lido* for such damages;

(f) hold all defendants operating within the State of California liable under California Penal Code Section 496(c) for treble damages and attorney fees;

(g) award plaintiff punitive damages against defendants;

(h) retain jurisdiction of this action until defendants have fully complied with all Orders of the Court;

(i) award plaintiff attorney fees and costs;

(j) make further Orders as the Court deem just, necessary, and proper.


Respectfully Submitted,


Vestria D. Barlow
Plaintiff, *Pro Se*
3202 Eastwood Drive
Shreveport, Louisiana
(318) 703-1044
E-Mail: vestriadba@aol.com