UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| VESTRIA D BARLOW | CIVIL ACTION NO. 23-cv-130 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SHELIA L WARD ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Vestria D. Barlow ("Plaintiff"), who is self-represented, filed this civil action against several defendants based on claims that she has been wrongfully deprived of royalties and revenues owed to her in connection with several movies associated with the late John D. Singleton, a well-known television and film director, writer, and producer. Plaintiff alleges that she had a contract with Mr. Singleton that entitled her to seven to ten percent of past and ongoing revenues owed to him for the use of his intellectual property in several films, television programs, and other entertainment products.

Three motions are before the court. The first is a Motion to Dismiss (Doc. 44) filed FX Networks, LLC; FXX Network, LLC; Paramount Pictures Corporation; Sony Pictures Entertainment Inc; Sony Pictures Releasing International Corporation; Universal Pictures Home Entertainment, LLC; and Universal TV Pictures, LLC (the "Studio Defendants") that challenges subject matter jurisdiction, personal jurisdiction, and whether Plaintiff has stated a claim on which relief may be granted.

A similar Motion to Dismiss (Doc. 47) has been filed by Shelia L. Ward (Mr. Singleton's mother); The Estate of John D. Singleton, Shelia L. Ward, Special Administrator; and New Deal Productions, Inc. (the "Singleton Defendants") that makes the same challenges. Finally, pro se defendant Teneka Hughey has filed a Motion to Dismiss (Doc. 8) that challenges the sufficiency of service on her.

For the reasons that follow, it is recommended that the motions by the Studio Defendants and the Singleton Defendants be granted on the grounds that the court lacks personal jurisdiction over them. It is also recommended that Ms. Hughey's motion be granted on the grounds that the attempt at service on her was not valid. Even if Plaintiff were to serve Ms. Hughey, Hughey and the several other defendants that have not yet made an appearance likely will have meritorious challenges to personal jurisdiction. Plaintiff should, therefore, consider dismissing this civil action without prejudice and pursuing her claims in a court or courts where the defendants are located or that could otherwise exercise personal jurisdiction over them.

**Personal Jurisdiction Challenges**

    **A. The Due Process Requirements**

The requirements of personal jurisdiction may vary depending on whether the court hears the case based on diversity or federal-question jurisdiction. Plaintiff originally based subject-matter jurisdiction solely on diversity of citizenship under 28 U.S.C. § 1332. She alleged that she is a citizen of Louisiana and that all the several defendants are citizens of other states such as California, Delaware, New York, Florida, and South Carolina. After the motions to dismiss were filed, Plaintiff filed an amended complaint (Doc. 62) that

added new defendants and a federal claim under 42 U.S.C. § 1981. That presented a basis to exercise federal-question jurisdiction under 28 U.S.C. § 1331. Although both forms of subject-matter jurisdiction are at issue, the due process analysis is the same under the circumstances.

Where jurisdiction is grounded on diversity jurisdiction, a federal court may exercise personal jurisdiction over a non-resident defendant if the forum state's long-arm statute confers personal jurisdiction over that defendant and if the exercise of jurisdiction satisfies the requirements of due process. McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009). The Louisiana long-arm statute extends as far as is permitted by due process. Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640, 652 (5th Cir. 2002).

Federal question jurisdiction is also present. Unless a federal statute on which the federal claim is based provides for more expansive personal jurisdiction, such as those statutes that allow nationwide service, the personal jurisdiction of a federal district court is coterminous with that of a court of general jurisdiction of the state in which the federal court sits. Fed. R. Civ. Pro. 4(k)(1); Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V., 249 F.3d 413, 418 (5th Cir. 2001). Section 1981 does not contain a nationwide service of process provision. Thomas v. grundfos, CBS, 2018 WL 6421762 n. 5 (S.D. Tex. 2018); King v. Enter. Leasing Co. of DFW, 2006 WL 784885, *3 (N.D. Tex. 2006).

Thus, whether the court is exercising subject matter jurisdiction based on diversity or federal question, the exercise of personal jurisdiction over these defendants must comply with the requirements of the federal due process clause. Due process allows a court to exercise personal jurisdiction over a non-resident only if (1) that defendant has

purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Admar Int'l, Inc. v. Eastrock, L.L.C., 18 F.4th 783, 786 (5th Cir. 2021).

The first means of satisfying that standard is to show *general* personal jurisdiction. "For an individual, the paradigm forum of the exercise of general jurisdiction is the individual's domicile." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2853 (2011). For a corporation, it is at home at (1) its place of incorporation and (2) its principal place of business. Seville v. Maersk Line, Limited, 53 F.4th 890, 895 (5th Cir. 2022). There may also be "exceptional cases" where the exercise of general jurisdiction is appropriate because a corporate defendant's operations are so substantial and of such a nature as to render the corporation "at home" in the forum state, but it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." Id., quoting Frank v. PNK (Lake Charles) L.L.C., 947 F.3d 331, 337 (5th Cir. 2020).

The second way to satisfy due process is to show a basis for the exercise of *specific* personal jurisdiction. It focuses on the relationship among the defendant, the forum, and the litigation so that it "arises when a defendant's minimum contacts with a forum state are related to the pending lawsuit." E. Concrete Materials, Inc. v. ACE Am. Ins. Co., 948 F.3d 289, 296 (5th Cir. 2020). The Fifth Circuit applies a three-prong analysis that considers (1) whether the defendant has minimum contacts with the forum, (2) whether the plaintiff's causes of action arise out of or result from the defendant's forum-related contacts, and (3)

whether the exercise of personal jurisdiction is fair and reasonable. Seville, 53 F.4th at 895. The plaintiff has the burden to establish the first two prongs. Id.

### B. Plaintiff's Burden; Relevant Facts

The Studio Defendants and Singleton Defendants raise personal jurisdiction challenges. They have not submitted any affidavits or other evidence, and Plaintiff has not filed any opposition to the motions. In this setting, the uncontroverted allegations in the complaint must be taken as true. Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Plaintiff, as the party invoking the court's jurisdiction, bears the burden of establishing that a defendant has the requisite contacts with the forum state to justify the court's jurisdiction. Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C., 24 F.4th 491, 495 (5th Cir. 2022). When the court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff has the burden of making a prima facie showing. Id.

Plaintiff is a citizen of Louisiana and resides in Shreveport. Amended Complaint, ¶¶ 3(a) & 5. The Singleton Defendants are all citizens of California. ¶ 3(b)-(d). The Studio Defendants are alleged to be organized under the laws of California or Delaware, and some are said to be "headquartered" in California. Plaintiff alleges that none of the members of any of the LLCs in that group are citizens of Louisiana. ¶ 3.

Plaintiff alleges that Shelia Ward is a resident of Los Angeles and was appointed by a California court to serve as special administrator of the estate of her son, Mr. John Singleton. Ms. Ward is also alleged to be the sole officer of New Deal Productions, Inc. Plaintiff alleges that, since June of 1998, Plaintiff has been a collaborator and partner with Mr. Singleton, and she contributed significantly to the production and making of several

films such as *Poetic Justice* (1993), *Shaft* (2000), *Hustle & Flow* (2005), and *Black Snake Moan* (2006). Plaintiff alleges that she is an accomplished television and film producer, writer, editor, and photographer in her own right. She alleges that the business relationship between her and Mr. Singleton "was govern (sic) by agreement and contracts made verbally and in writing." ¶¶ 31 & 33. The Studio Defendants, citing news sources, state that Plaintiff appears to be the mother of two of Mr. Singleton's children.

Plaintiff alleges that the Studio Defendants and similar companies named as defendants owned or controlled nearly all television and movie production in the United States, and they controlled her compensation and business opportunities. ¶¶ 32 & 34. Her contract with Mr. Singleton entitled her to past and ongoing royalties, residuals, and compensation for the use of his intellectual property in films, television programs, and other entertainment products. The Studio Defendants were responsible for paying Mr. Singleton those ongoing revenues, but they failed to pay him or his estate accurately or fully. Plaintiff contends that she is entitled to seven to ten percent of all past and ongoing revenues owed to Mr. Singleton for the use of his intellectual property. She contends that Ms. Ward and the Singleton estate concealed the true income derived from the properties, but Plaintiff discovered evidence of the concealment in 2021 through a filing in the Los Angeles probate court. ¶¶ 35-40.

Plaintiff goes on to make similar allegations that the several defendants took control over the film properties, have continued to collect revenues owed to Mr. Singleton, and have failed to pay Plaintiff the portion to which she is entitled. ¶¶ 42-45. Plaintiff contends that the defendants have a history of racial discrimination against African Americans such

as herself and that they have taken extraordinary steps to cover up illegal, immoral, and embarrassing acts of the late Mr. Singleton. ¶¶ 47-49.

Teneka Hughey is alleged to be a citizen of South Carolina and the owner and principal operator of Green Book Vacations, LLC, which is organized under South Carolina or Florida law. Plaintiff alleges that Hughey and Green Book maintained a partnership with Ms. Ward and New Deal Productions to divert funds from the Singleton estate for the purpose of underreporting income from the Singleton films, thus depriving Plaintiff of compensation. ¶ 46.

The amended complaint sets forth nine counts: fraud, misappropriation by use, unjust enrichment, breach of contract, breach of fiduciary duty, negligence, conspiracy, mental and emotional distress, and 42 U.S.C. § 1981. Most of the counts include the same or similar allegations that the several defendants conspired and unlawfully deprived Plaintiff of intellectual property revenues. The Section 1981 count alleges that the defendants knew or should have known that citizens of the United States are protected from racial discrimination and that the defendants conspired as it relates to Plaintiff's constitutional and statutory rights. Plaintiff prays for declaratory relief, an award of compensatory damages of $15,000,000, treble damages and attorney's fees under California law, and an award of punitive damages.

### C. Subject Matter Jurisdiction

The Studio Defendants and the Singleton Defendants argue that the claims asserted based on diversity jurisdiction are subject to the probate exception because they directly or indirectly target funds of the estate of Mr. Singleton, which is currently the subject of a

probate proceeding pending in Los Angeles County, California. "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 126 S.Ct. 1735, 1748 (2006). "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Id.

Plaintiff's claims do not seek to probate or annul a will, nor do they ask the federal court to reach a res in custody of the state court. The claims do seek to recover damages from the estate, but the federal courts have jurisdiction to entertain suits in favor of creditors and other claimants against a decedent's estate to establish their claims, and the state probate court will be bound to recognize rights adjudicated by the federal court. Miller v. Miller, 2022 WL 1397721, *5 (W.D. La. 2022) (Hornsby, M.J.).

The probate exception is based on often imprecise or even contradictory jurisprudence, and its application to the several claims and defendants in this case is not airtight. In such circumstances, the court may elect to skip the issue and proceed to a simpler personal jurisdiction challenge. Ruhrgas AG v. Marathon Oil Co., 119 S.Ct. 1563, 1572 (1999) ("Where, as here, however, a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."). That is appropriate in this case.

### D. Personal Jurisdiction Analysis

Plaintiff has not demonstrated a basis to exercise general jurisdiction over any of the Studio Defendants or Singleton Defendants. Ms. Ward, the only individual defendant, is alleged to be a citizen of California. All the corporate or LLC defendants are alleged to be organized and have their principal places of business outside of Louisiana, so none of them are "at home" in Louisiana. Plaintiff has not offered anything in response to the motions, so she has not met her "incredibly difficult" burden of establishing that this is an exceptional case where the exercise of general jurisdiction might nonetheless be appropriate with respect to any defendant.

Plaintiff has also not met her burden of showing specific personal jurisdiction over of the Studio Defendants or Singleton Defendants. There are no facts alleged in the amended complaint that indicate any of the moving defendants purposely directed activities toward Louisiana or that any of the causes of action arise out of a defendant's forum-related contacts. Rather, the pleadings suggest that all relevant activities have taken place in California and other foreign states. Plaintiff alleges that she had a contract with Mr. Singleton and is entitled to revenues based on it, but the mere existence of a contract between a non-resident defendant and a plaintiff who is a citizen of Louisiana is not sufficient to establish minimum contacts. Libersat v. Sundance Energy, Inc., 978 F.3d 315, 322 (5th Cir. 2020); Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir. 1986).

Plaintiff has not met her burden of demonstrating that due process allows for the exercise of personal jurisdiction over any of the Studio Defendants or Singleton Defendants. There is not a single fact alleged that indicates any of them directed any

activities toward Louisiana that gave rise to the claims asserted by Plaintiff. Each of those defendants should be dismissed without prejudice based on a lack of personal jurisdiction.

**Teneka Hughey; Service Challenge**

Teneka Hughey filed a pro se motion to dismiss on behalf of herself and Green Book Vacations, LLC. The court pointed out that an individual such as Hughey may be self-represented, but an LLC or other legal entity may appear in federal court only when represented by an admitted attorney. The motion was denied insofar as it was presented on behalf of Green Book, but it was noticed for briefing with regarding the claims against Hughey. Doc. 42.

Ms. Hughey challenges the validity of service on her. Plaintiff filed a service return (Doc. 7) that indicated Ms. Hughey was personally served in Lexington, South Carolina on January 27, 2023 (the same day this action was filed). Ms. Hughey states in her motion that the return incorrectly represents that personal service was made. She represents that the summons and complaint was instead received on March 4, 2023 via an envelope left in her mailbox that was delivered by the U.S. Postal Service. She attaches as an exhibit a copy of an envelope received by priority mail from Ken Nixon (a process server) C/O Plaintiff.

Federal Rule of Civil Procedure 4(m) allows 90 days from the filing of the complaint to effect service. When service of process is challenged, the serving party bears the burden of proving either its validity or good cause for failure to effect timely service. Sys. Signs Supplies v. U.S. Dept. of Just., Washington, D.C., 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff filed a memorandum in opposition (Doc. 49) but objected only that she was never

served with Ms. Hughey's motion to dismiss. Ms. Hughey's motion is lacking a certificate of service, but the court issued a memorandum order that discussed the motion, as well as a notice of motion setting that notified Plaintiff of the motion and set forth briefing deadlines. Plaintiff was, therefore, given adequate notice of the motion and an opportunity to respond.

Plaintiff has not explained how mail delivery was adequate service under the circumstances. The Louisiana long-arm statute does allow for service of a certified copy of the citation and the petition by registered or certified mail, or actual delivery by commercial courier. La. R.S. 13:3204(A). "Personal jurisdiction over non-residents is fully dependent upon strict compliance with the long-arm statute's procedural requirements." River Healthcare, Inc. v. Baylor Miraca Genetics Lab'ys, LLC, 2023 WL 2542332, *10 (M.D. La. 2023), quoting Folse v. St. Rose Farms, Inc., 165 So.3d 104, 108 (La. App. 5th Cir. 2014). A default judgment is not allowed unless the plaintiff files an affidavit from the person who mailed or delivered the service papers, and the affidavit must specify how service complied with the statute. La. R.S. 13:3205.

Plaintiff has not met her burden of meeting Ms. Hughey's challenge and demonstrating that she strictly complied with the requirements of the long-arm statute. She has also not shown good cause for the lack of timely service. Ms. Hughey is, therefore, entitled to dismissal without prejudice. The court may not dismiss the claims against Green Book because it has not filed its own motion, but the same shortcomings with respect to service on it would prevent the entry of a valid default against it. As noted above, even if Plaintiff were to serve Hughey or the other defendants, there is strong indication that those

defendants will have grounds for meritorious challenges to personal jurisdiction. Plaintiff should consider dismissing this civil action without prejudice and pursuing her claims in a court or courts that may exercise personal jurisdiction over these defendants.

Accordingly,

It is recommended that the Motion to Dismiss filed by the Studio Defendants (Doc. 44) and the Motion to Dismiss filed by the Singleton Defendants (Doc. 47) be granted and that all claims against the following defendants be dismissed without prejudice for lack of personal jurisdiction: FX Networks, LLC; FXX Network, LLC; Paramount Pictures Corporation; Sony Pictures Entertainment Inc; Sony Pictures Releasing International Corporation; Universal Pictures Home Entertainment, LLC; Universal TV Pictures, LLC Shelia L. Ward; The Estate of John D. Singleton, Shelia L. Ward, Special Administrator; and New Deal Productions, Inc.

It is further recommended that Teneka Hughey's Motion to Dismiss (Doc. 8) be granted and that all claims against Teneka Hughey be dismissed without prejudice for lack of valid service.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of July, 2023.

Mark L. Hornsby
U.S. Magistrate Judge