UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| VESTRIA D BARLOW | CIVIL ACTION NO. 23-cv-130 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SHELIA L WARD ET AL | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION

**Introduction**

Vestria D. Barlow ("Plaintiff"), who is self-represented, filed this civil action against several defendants based on claims that she has been wrongfully deprived of royalties and revenues owed to her in connection with several movies associated with the late John D. Singleton, a well-known television and film director, writer, and producer. Plaintiff alleges that she had a contract with Mr. Singleton that entitled her to seven to ten percent of past and ongoing revenues owed to him for the use of his intellectual property in several films, television programs, and other entertainment products.

The undersigned issued a report and recommendation that recommended that motions to dismiss be granted and that all claims against several defendants asserted in the original and amended complaint be dismissed without prejudice for lack of personal jurisdiction. Doc. 75. On the same day the report and recommendation issued, several defendants filed a new motion to dismiss (Doc. 76) that asserted the personal jurisdiction and other defenses raised in the earlier motions. The most recent motion was filed on behalf of several defendants for which dismissal has already been recommended and three

newly served defendants. The three new defendants are The Walt Disney Company; Paramount Global f/k/a ViacomCBS, Inc; and Comcast Corporation. For the reasons that follow, it is recommended that the Motion to Dismiss Amended Complaint (Doc. 76) be granted on the grounds that the court lacks personal jurisdiction over the movants.

**Personal Jurisdiction Challenge**

    A. **The Due Process Requirements**

Plaintiff originally based subject-matter jurisdiction solely on diversity of citizenship under 28 U.S.C. § 1332. After the earlier motions to dismiss were filed, Plaintiff filed an amended complaint (Doc. 62) that added new defendants and a federal claim under 42 U.S.C. § 1981. That presented a basis to exercise federal-question jurisdiction under 28 U.S.C. § 1331. Although both forms of subject-matter jurisdiction are at issue, the due process analysis is the same under the circumstances.

Where jurisdiction is grounded on diversity jurisdiction, a federal court may exercise personal jurisdiction over a non-resident defendant if the forum state's long-arm statute confers personal jurisdiction over that defendant and if the exercise of jurisdiction satisfies the requirements of due process. McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009). The Louisiana long-arm statute extends as far as is permitted by due process. Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640, 652 (5th Cir. 2002).

Federal question jurisdiction is also present. Unless a federal statute on which the federal claim is based provides for more expansive personal jurisdiction, such as those statutes that allow nationwide service, the personal jurisdiction of a federal district court is coterminous with that of a court of general jurisdiction of the state in which the federal

court sits. Fed. R. Civ. Pro. 4(k)(1); Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V., 249 F.3d 413, 418 (5th Cir. 2001). Section 1981 does not contain a nationwide service of process provision. Thomas v. grundfos, CBS, 2018 WL 6421762 n. 5 (S.D. Tex. 2018); King v. Enter. Leasing Co. of DFW, 2006 WL 784885, *3 (N.D. Tex. 2006).

Thus, whether the court is exercising subject matter jurisdiction based on diversity or federal question, the exercise of personal jurisdiction over these defendants must comply with the requirements of the federal due process clause. Due process allows a court to exercise personal jurisdiction over a non-resident only if (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Admar Int'l, Inc. v. Eastrock, L.L.C., 18 F.4th 783, 786 (5th Cir. 2021).

The first means of satisfying that standard is to show *general* personal jurisdiction. "For an individual, the paradigm forum of the exercise of general jurisdiction is the individual's domicile." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2853 (2011). For a corporation, it is at home at (1) its place of incorporation and (2) its principal place of business. Seville v. Maersk Line, Limited, 53 F.4th 890, 895 (5th Cir. 2022). There may also be "exceptional cases" where the exercise of general jurisdiction is appropriate because a corporate defendant's operations are so substantial and of such a nature as to render the corporation "at home" in the forum state, but it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or

principal place of business." Id., quoting Frank v. PNK (Lake Charles) L.L.C., 947 F.3d 331, 337 (5th Cir. 2020).

The second way to satisfy due process is to show a basis for the exercise of *specific* personal jurisdiction. It focuses on the relationship among the defendant, the forum, and the litigation so that it "arises when a defendant's minimum contacts with a forum state are related to the pending lawsuit." E. Concrete Materials, Inc. v. ACE Am. Ins. Co., 948 F.3d 289, 296 (5th Cir. 2020). The Fifth Circuit applies a three-prong analysis that considers (1) whether the defendant has minimum contacts with the forum, (2) whether the plaintiff's causes of action arise out of or result from the defendant's forum-related contacts, and (3) whether the exercise of personal jurisdiction is fair and reasonable. Seville, 53 F.4th at 895. The plaintiff has the burden to establish the first two prongs. Id.

**B. Plaintiff's Burden; Relevant Facts**

The undersigned has already recommended dismissal of several of the movants that joined in this motion. The only defendants that need to be addressed in this report and recommendation are Walt Disney, Paramount Global, and Comcast Corporation. They and the other similar defendants are referred to herein as the Studio Defendants. The movants have not submitted any affidavits or other evidence, and Plaintiff has not filed any opposition to the motions. In this setting, the uncontroverted allegations in the complaint must be taken as true. Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Plaintiff, as the party invoking the court's jurisdiction, bears the burden of establishing that a defendant has the requisite contacts with the forum state to justify the court's jurisdiction. Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C., 24 F.4th 491, 495 (5th Cir.

2022). When the court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff has the burden of making a prima facie showing. Id.

Plaintiff is a citizen of Louisiana and resides in Shreveport. Amended Complaint, ¶¶ 3(a) & 5. Plaintiff alleges that Walt Disney is incorporated in Delaware, Paramount Global is incorporated in New York, and Comcast Corporation is incorporated in Pennsylvania. ¶ 3. She does not allege that any of them have their principal place of business in Louisiana.

Plaintiff alleges that Shelia Ward is a resident of Los Angeles and was appointed by a California court to serve as special administrator of the estate of her son, Mr. John Singleton. Ms. Ward is also alleged to be the sole officer of New Deal Productions, Inc. Plaintiff alleges that, since June of 1998, Plaintiff has been a collaborator and partner with Mr. Singleton, and she contributed significantly to the production and making of several films such as *Poetic Justice* (1993), *Shaft* (2000), *Hustle & Flow* (2005), and *Black Snake Moan* (2006). Plaintiff alleges that she is an accomplished television and film producer, writer, editor, and photographer in her own right. She alleges that the business relationship between her and Mr. Singleton "was govern (sic) by agreement and contracts made verbally and in writing." ¶¶ 31 & 33. The Studio Defendants, citing news sources, state that Plaintiff appears to be the mother of two of Mr. Singleton's children.

Plaintiff alleges that the Studio Defendants and similar companies named as defendants owned or controlled nearly all television and movie production in the United States, and they controlled her compensation and business opportunities. ¶¶ 32 & 34. Her contract with Mr. Singleton entitled her to past and ongoing royalties, residuals, and

compensation for the use of his intellectual property in films, television programs, and other entertainment products. The Studio Defendants were responsible for paying Mr. Singleton those ongoing revenues, but they failed to pay him or his estate accurately or fully. Plaintiff contends that she is entitled to seven to ten percent of all past and ongoing revenues owed to Mr. Singleton for the use of his intellectual property. She contends that Ms. Ward and the Singleton estate concealed the true income derived from the properties, but Plaintiff discovered evidence of the concealment in 2021 through a filing in the Los Angeles probate court. ¶¶ 35-40.

Plaintiff goes on to make similar allegations that the several defendants took control over the film properties, have continued to collect revenues owed to Mr. Singleton, and have failed to pay Plaintiff the portion to which she is entitled. ¶¶ 42-45. Plaintiff contends that the defendants have a history of racial discrimination against African Americans such as herself and that they have taken extraordinary steps to cover up illegal, immoral, and embarrassing acts of the late Mr. Singleton. ¶¶ 47-49.

Defendant Teneka Hughey is alleged to be a citizen of South Carolina and the owner and principal operator of Green Book Vacations, LLC, which is organized under South Carolina or Florida law. Plaintiff alleges that Hughey and Green Book maintained a partnership with Ms. Ward and New Deal Productions to divert funds from the Singleton estate for the purpose of underreporting income from the Singleton films, thus depriving Plaintiff of compensation. ¶ 46. There is no allegation that any of that activity took place in Louisiana.

The amended complaint sets forth nine counts: fraud, misappropriation by use, unjust enrichment, breach of contract, breach of fiduciary duty, negligence, conspiracy, mental and emotional distress, and 42 U.S.C. § 1981. Most of the counts include the same or similar allegations that the several defendants conspired and unlawfully deprived Plaintiff of intellectual property revenues. The Section 1981 count alleges that the defendants knew or should have known that citizens of the United States are protected from racial discrimination and that the defendants conspired as it relates to Plaintiff's constitutional and statutory rights. Plaintiff prays for declaratory relief, an award of compensatory damages of $15,000,000, treble damages and attorney's fees under California law, and an award of punitive damages.

### C. Personal Jurisdiction Analysis[1]

Plaintiff has not demonstrated a basis to exercise general jurisdiction over any of the three newly joined Studio Defendants. Walt Disney, Paramount Global, and Comcast Corporation are alleged to be organized outside of Louisiana, and none are alleged to have a principal places of business in Louisiana, so none of them are "at home" in Louisiana. Plaintiff has not offered anything in response to the motions, so she has not met her "incredibly difficult" burden of establishing that this is an exceptional case where the exercise of general jurisdiction might nonetheless be appropriate with respect to any defendant.

---

[1] The undersigned explained in the earlier report and recommendation why it was appropriate to skip the subject matter jurisdiction challenge under the probate exception and proceed to the simpler personal jurisdiction challenge.

Plaintiff has also not met her burden of showing specific personal jurisdiction over any of the three new Studio Defendants. There are no facts alleged in the amended complaint that indicate any of the three new defendants purposely directed activities toward Louisiana or that any of the causes of action arise out of a defendant's forum-related contacts. Rather, the pleadings suggest that all relevant activities have taken place in California and other foreign states. Plaintiff alleges that she had a contract with Mr. Singleton and is entitled to revenues based on it, but the mere existence of a contract between a non-resident defendant and a plaintiff who is a citizen of Louisiana is not sufficient to establish minimum contacts with regard to claims arising out of the contract. Libersat v. Sundance Energy, Inc., 978 F.3d 315, 322 (5th Cir. 2020); Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir. 1986).

Plaintiff has not met her burden of demonstrating that due process allows for the exercise of personal jurisdiction over any of the three new Studio Defendants. There is not a single fact alleged that indicates any of them directed any activities toward Louisiana that gave rise to the claims asserted by Plaintiff. Each of those defendants should be dismissed without prejudice based on a lack of personal jurisdiction.

Accordingly,

It is recommended that the Motion to Dismiss filed by the Studio Defendants (Doc. 76) be granted and that all claims against the following defendants be dismissed without prejudice for lack of personal jurisdiction: The Walt Disney Company; Paramount Global f/k/a ViacomCBS, Inc; and Comcast Corporation.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of August, 2023.

Mark L. Hornsby
U.S. Magistrate Judge